Day, J.
The questions of law arising upon the foregoing record, and grounds of error complained of, are as follows:
“First. The testimony of communications between husband and'wife not in the known presence or hearing of a third person competent to testify were incompetent by the provisions of Section 11494 of the General Code.
“Second. The court had no power to make the collection of plaintiff’s judgment for alimony conditional on her conveying certain real estate to defendant.
“Third. The defendant, having failed to assert his claim of a separation agreement and release of claim for alimony in the divorce and alimony action, was precluded from utilizing the same in a subsequent suit.
“Fourth. The findings of fact and the admitted facts show no fraud on the part of plaintiff iñ obtaining her judgment for alimony, which entitle defendant to relief.
*520 “Fifth. The court was without power to modify the judgment for alimony to conform to its opinion as to the proper amount by an alternative writ of injunction.”
Taking up the above questions in the order of their presentation, did the Court of Appeals err in admitting the testimony of the defendant Mort G. McEntire, as to conversations between himself and his wife relative to the so-called “separation agreement”?
The claimed incompetency of this testimony is based upon the provisions of paragraph 3, Section 11494, General Code, which reads:
“The following persons shall not testify in certain respects: * * * (3) Husband or wife, concerning any communication made by one to the other, or an act done by either in the presence of the other, during coverture, unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness. The rule shall be the same if the marital relation has ceased to exist.”
The first communication referred to, of which complaint was made, as to the nature of which the husband testified, relates to the so-called “oral agreement” between the parties of January 9,1920, whereby, among other things, Morton G. McEntire conveyed to Ola M. McEntire his undivided one-half interest in the property owned in common, known as parcel No. 1, and all his interest in the furniture and equipment in the premises, in consideration whereof “said Ola M. McEntire should release said Morton G. McEntire from any and all claims for maintenance and support and from all other rights, *521 el aims and duties arising or growing out of the said marital relations then existing between them.” (Finding of Fact No. 3.) The second communication complained of relates to the fact that shortly after Ola M. McEntire filed her petition for alimony on May 21, 1920, the parties had a conversation, also not in the known presence of any third person, in the course of which Morton G. McEntire criticized his wife for filing her alimony action against him, and called to her attention the agreement for settlement made between them on or about January 9th above referred to; the wife then stating to her husband that she would drop her claim for alimony. (Finding of Fact No. 7.)
It is therefore apparent that they were talking about maintenance, support and rights of alimony —the very matters that were involved in the petition for alimony and the amended petition for alimony and divorce.
Section 11988, General Code, provides:
“The parties, notwithstanding their marital relation, shall be competent to testify in actions and proceedings under this chapter to the same extent that any other witness might.”
The instant case was an action in the nature of a creditor’s bill to enforce the collection of a judgment for alimony obtained by the wife against the husband. It is therefore to that extent a proceeding to enforce or collect or secure the fruits of an action for alimony brought by favor of chapter 3, tit. TV, div. VII, General Code. In a divorce or alimony action the terms of Section 11988, General Code, would permit both husband and wife to testify fully on all subjects pertaining to their property *522 and the grounds of the action notwithstanding their marital relations. Clearly, if the judgment for alimony was secured in a suit wherein husband and wife were competent to testify upon the subject of their property and their agreements as to maintenance, support, alimony, and so forth, the spirit if not the letter of the section which permits such testimony should apply in an action to enforce the collection of a judgment for alimony thus secured. The conversations objected to referred to the subject of alimony, and the agreement which the husband claimed was the means by which the wife secured his interests in their common property, known as parcel No. 1, and his interest in the furniture and equipment in the premises. This agreement goes to the very gist of the matter in dispute between the parties, to-wit, the right of the wife to collect the judgment for alimony secured against her husband. To deny the husband the right to show the nature of the agreement as to alimony would be to deprive him of the very privileges that are sought to be given both parties by virtue of Section 11988, General Code. To exclude this testimony would be but to add to the fraud which the husband claims exists upon the part of the wife in the manner in which her judgment or decree for alimony was obtained, and there would be no consideration for the transfer of his property made to her on or about January 9,1920, and it would be tantamount to compelling him to pay the judgment for alimony, while at the same time permitting the wife to retain the interest and title in the real estate described as parcel No. 1, and the furniture and equipment therein, conveyed and released to her on or about January 9, 1920. *523 This in onr judgment, would be denying justice and equity to the husband and would be contrary to the spirit of Section 11988, General Code, which in proceedings in divorce and alimony permits parties to testify concerning communications to the same extent that any other witnesses might.
We do not mean hereby to curtail the rule of privileged communications between husband and wife, but we do think where husband and wife have been living separate and apart for some months and enter into an oral agreement for separation and adjustment of property interests relative to maintenance, alimony and support, which later is to be reduced to writing and signed, and the husband performs his part of such agreement by conveying to the wife the property agreed upon, and she accepts and keeps the same, even though refusing' to sign the agreement after being reduced to writing, and the parties continue to live separate and apart and all marital relations incident to coverture are abandoned, that under such circumstances communications between them, not in the known presence of a third person competent to be a witness, concerning said agreement of separation, alimony and releasing of rights, claims and duties arising out of their marital relations, are not privileged within the terms of paragraph 3, Section 11494, General Code.
We therefore find that the Court of Appeals did not err in admitting evidence of such communications.
The next question to be determined is: Did the Court of Appeals have power to malee the collection by plaintiff in error of her judgment for alimony conditional upon her conveying certain real estate *524 to the defendant in error? The third assignment of error as presented by the plaintiff may be considered in conjunction therewith, to-wit, that the “defendant, having failed to assert his claim of a separation agreement and release of claim for alimony in the divorce and alimony action, was precluded from utilizing the same in a subsequent suit.” These two assignments of error may be considered together as they are based upon the .same general legal and equitable principles. This was an action in the nature of a creditor’s bill, brought by Mrs. Ola M. McEntire to collect a judgment for alimony against her husband. It was an equitable action and she was appealing to the chancery powers of the court to secure relief. The Court of Appeals found that she had made an agreement with her husband as to her right to recover alimony, which seems just, fair, and reasonable to the wife, and that before she could insist upon the judgment for alimony she must convey to her former husband the property that she had received by virtue' of the agreement in question. In other words, the court applied that well-recognized maxim of equity that “He who seeks equity must do equity.” “This maxim expresses a cardinal principle, and is one of the oldest in equity jurisprudence. It is of most extensive application, being applicable to all classes of cases whenever necessary to promote justice.” (21 Corpus Juris, 172.) As was said in 1 Pomeroy’s Equity Jurisprudence (4 Ed.), Section 388:
“It may be regarded as a universal rule governing the court of equity in the administration of its remedies, that whatever may be the nature of the relief sought by the plaintiff, the equitable rights of *525 the defendant growing out of or intimately connected with the subject of the controversy in question will be protected; and for this purpose the plaintiff will be required, as a condition to his obtaining the relief which he asks, to acknowledge, admit, provide for, secure, or allow whatever equitable rights (if any) the defendant may have, and to that end the court will, by its affirmative decree, award to the defendant whatever reliefs may be necessary in order to protect and enforce those rights,”
Our attention is called to the case of DeWitt v. DeWitt, 67 Ohio St., 340, 66 N. E., 136, upon the doctrine that an award of alimony cannot be made conditional on the wife’s conveying any property to the husband. We are entirely content with the conclusions of the court in that ease, but it must be noted that that case was an action for divorce and alimony, and the rights of the parties were being determined in the light of the statute governing such cases; while in the instant case the record discloses that the equity powers of the court are being invoked to assist in securing the collection of a judgment for alimony, and that the cross-petitioner claims that the judgment in question is the result of a fraud perpetrated upon him. The learned judge deciding the DeWitt case clearly indicates in the light of our alimony statutes, the distinction that prevailed between the equity powers of a court of chancery and the powers derived from the ecclesiastical courts. In this case a court of equity whose jurisdiction had been invoked was empowered to go fully into the matter and give full and complete relief. This it proceeded to do and applied the principle above set forth that, “He who seeks equity *526 must do equity,” and in so doing we think the Court of Appeals committed no error. Having both parties before it, and having sought to give relief, the relief should be full and complete. It is not enough to say that the defense of the oral agreement as to alimony should have been set up in the divorce and alimony proceedings', for the very fraud complained of was the reason why the same was not done, to-wit, the husband’s reliance upon the wife’s agreement not to secure alimony but to rely on their agreement. Finding a fraud to exist, as the Court of Appeals did, it had a perfect right to consider the oral agreement in the action instituted by the wife to collect her judgment, just the same and as fully as though it had been set up in the divorce and alimony proceeding.
The defendant was not seeking to have the judgment for alimony set aside, and the Court of Appeals doubtless could not directly modify that judgment, but it could, however, enjoin the collection thereof until equity had been done in the premises. 2 Freeman on Judgments (4th Ed.), Section 486.
From the same authority we quote the following as particularly pertinent:
Section 492. “It has frequently happened that one of the parties litigant has failed to present his claim or defense because he relied upon some agreement or understanding between himself and his adversary, which, if observed, rendered such presentation unnecessary. And with more than occasional frequency, if we may judge from the reports, these agreements have been designed to lull a party into security and inactivity in order that some unconscionable advantage could be taken of him. In all *527 such, eases, courts of equity, when asked to do so, have invariably restored the injured party to his rights under the agreement, and have wrested from his opponent all those fruits he had hoped to harvest and enjoy through fraud and duplicity. # * * The principle that taking judgment in opposition to an agreement or representation of a party or his attorney is such a fraud that the parties will be restored to their former position is applicable whenever the defendant, on account of the agreement, fails to answer, or after answering fails to attend, the trial.”
We therefore feel that no error has intervened by the action of the Court of Appeals in this regard.
The fourth ground of alleged error is that the findings of fact and the admitted facts show no fraud on the part of the plaintiff in error in obtaining her judgment for alimony, such as would entitle the defendant to relief.
The relief granted by a court of equity upon the grounds of fraud is so full, and the jurisdiction attaching by reason of the fraud so broad, that we have no hesitancy in saying that the conclusions of law reached by the Court of Appeals upon the facts found by it show sufficient fraud in obtaining judgment for alimony, and that its conclusions in the premises thereon were correct.
The last ground of error complained of is that the “court was without power to modify the judgment for alimony to conform to its opinion as to the proper amount by an alternative writ of injunetion.”
*528 What we have said above in regard to the powers of a court of equity to make a conditional decree applies to this ground of error, and we decline to disturb the decree of the court below upon this ground.
Upon a full consideration of the entire record, we are of opinion that no prejudicial error has intervened in this cause, and the decree of the Court of Appeals is therefore affirmed.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.